UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KEITH ROBERTSON, | * |
| Plaintiff, | * |
|  | Case No. 1:22-cv-02007-JRR |
| v. | * |
| UNITED STATES OF AMERICA., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This matter comes before the court on Defendant United States of America's Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment. (ECF No. 11; the "Motion.") The parties' submissions have been reviewed and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

## BACKGROUND

This action arises out of an alleged unauthorized collection by the Internal Revenue Service (the "IRS"). *Pro se* Plaintiff Keith Roberts filed his Complaint on August 10, 2022, alleging that the IRS conducted an "unauthorized collection" under 26 U.S.C. § 7433.[1] (ECF No. 1 at 1.) Additionally, Plaintiff filed a "Response to Answer to Complaint" (ECF No. 8) asserting that the IRS waited too long to collect any debt for the tax year 2007. (ECF No. 8, ¶ 2.) The court is ever mindful that documents filed by *pro se* litigants are to be liberally construed. *Estelle v. Gamble,*

---

[1] In Plaintiff's original Complaint, he sued the Commissioner of the IRS. Plaintiff filed amended his Complaint to name the United States of America as the Proper Defendant. (ECF No. 13.)

429 U.S. 97, 106 (1976). Accordingly, the court construes Plaintiff's response at ECF No. 8 to be an amendment to his Complaint and will consider it in resolving the pending Motion.

The United States seeks judgment on the pleadings on the grounds that the exhibits attached to Plaintiff's Complaint contradict the allegations set forth in the Complaint. In the alternative, the United States argues that if the court does not grant judgment on the pleadings, the court should grant Defendant summary judgment on the basis of evidence presented by Defendant that refutes Plaintiff's untimeliness claim.

## LEGAL STANDARDS

### I. FEDERAL RULE OF CIVIL PROCEDURE 12(d)

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(c) or, in the alternative, for summary judgment under Rule 56. "A motion with this caption implicates the court's discretion under Fed. R. Civ. P. 12(d)." *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022). Federal Rule of Civil Procedure 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule [12(c)] motion to a Rule 56 motion." *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 U.S. Dist. LEXIS 130420, at *8 (D. Md. Sept. 22, 2016) (citations omitted).

"There are two requirements for a proper Rule 12(d) conversion." *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). "First, all parties must 'be given some indication by the court that it is treating the [12(c)] motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside

the pleadings is before the court.'" *Snyder,* 2022 WL 980395, at *4 (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Second, the parties must first "be afforded a reasonable opportunity for discovery." *Gay*, 761 F.2d at 177. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Interest Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)).

With respect the first requirement, Plaintiff's Complaint includes several exhibits. (ECF No. 1.) Additionally, Plaintiff's response to the answer indicates that he intended to raise the issue of timeliness. (ECF No. 8.) Having notice of this, the United States addresses the "unauthorized collection" allegations as well as the "untimeliness" allegations in its Motion. Plaintiff responded to the Motion; the United States filed a Reply; and Plaintiff filed a Surreply. (ECF Nos. 12, 17, and 23.) Plaintiff had adequate notice that materials outside of the pleadings are before the court and provided his own evidence for the court to consider. Further, Plaintiff has been aware of the Motion and exhibits since February 24, 2023 – and has since had two opportunities to respond to the arguments and evidence advanced by the United States — which he has taken full advantage of through his filings. Accordingly, the first requirement for a Rule 12(d) conversion is satisfied.

With respect to the second requirement, Plaintiff does not attempt to oppose the Motion on the basis that discovery is needed; rather, Plaintiff attaches exhibits to his filings that he believes support his position. Accordingly, the second requirement is met. The court, therefore, considers the Motion as one for summary judgment; and will consider the materials offered by the parties that are outside of the pleadings.

**II.     MOTION FOR SUMMARY JUDGMENT**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. Trial courts in the Fourth Circuit have an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)). This court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

In undertaking this inquiry, the court considers the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). The court "must not weigh evidence or make credibility determinations." *Foster v. Univ. of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is

the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866-68 (2014).

## UNDISPUTED MATERIAL FACTS

*United States Tax Court Suit*

By letter dated January 7, 2022, Plaintiff received notice from the Comptroller of Maryland that his tax refund in the amount of 926.05 for the 2020 tax year had been applied to an outstanding debt owed to the IRS. (ECF No.1-2 at 1.) Plaintiff filed suit in the United States Tax Court against the IRS Commissioner for "unauthorized collection of 2020 State income tax return." (ECF No. 1-1 at 1.) The Commissioner moved to dismiss the case for lack of jurisdiction arguing that no statutory notice of deficiency or notice of determination concerning collection action had been sent to Plaintiff for the taxable year 2020 — both of which are required for the tax court to have jurisdiction to hear Plaintiff's claims. The tax court agreed with the Commissioner and the Honorable Kathleen Kerrigan, Chief Judge, issued an order dismissing Plaintiff's case for lack of subject matter jurisdiction. (ECF No. 1-2 at 12.)

*2007 Taxable Year*

A Revenue Officer with the Small Business and Self-Employed Division of the IRS reviewed an IRS account transcript for taxable year 2007.[2] (Supplemental Declaration of Sonya Konstans, ECF No. 18, ¶ 10.) Because Plaintiff did not file a 2007 income tax return, the IRS assessed Plaintiff's 2007 tax liability by examination on January 10, 2011. (*Id.* at ¶¶ 10-11; Declaration of Sonya Konstans, ECF No. 11-2, ¶ 10.) Based on the examination, the IRS determined Plaintiff was liable for $7,205.00. (Plaintiff's 2007 Tax Account Transcript, ECF No. 10-11, Exhibit 1.) According to the 2007 Account Transcript, Plaintiff initiated multiple

---

[2] The account transcript is the type of record regularly generated within the IRS and relied upon to track tax liabilities and penalties of taxpayers. (Konstans Suppl. Decl., ¶ 9.)

bankruptcy proceedings. *Id.* During the periods when Plaintiff had an active bankruptcy case, a stay of proceedings prevented the IRS from collecting Plaintiff's 2007 income tax debt. (Konstans Decl., ¶ 12.) Based on bankruptcy-related event entries on the 2007 Tax Account Transcript, the IRS was prevented from collecting Plaintiff's 2007 income tax debt for a total of 743 days. Therefore, the IRS' tax collection period did not expire until January 23, 2023. *Id.*

*2018 Bankruptcy Petition*

On April 12, 2018, Plaintiff filed a Chapter 7A bankruptcy petition in the United States Bankruptcy Court for the District of Maryland. (Plaintiff's Motion to Amend Complaint, Exhibit 1, ECF No. 13-1 at 1-2.) Plaintiff's 2007 income tax debt was listed as an "Unsecured General Claim[]" in the amount of $4,678 for taxes due and $2,071 in interest. *Id.* at 1. On January 24, 2019, the Bankruptcy Court ordered that Plaintiff be granted a discharge under 11 U.S.C. § 727. *Id.*

## ANALYSIS

Keeping in mind the principles of liberal construction of *pro se* pleadings, the court has identified three grounds raised by Plaintiff to overcome the Motion. In Plaintiff's Complaint, he alleges that applying his 2020 tax refund to his IRS debt is an unauthorized collection pursuant to 26 U.S.C. § 7433. (ECF No. 1 at 1-2.) In his "Response to Defense" (ECF No. 8) — which the court construes as an amendment to Plaintiff's Complaint — Plaintiff argues that the alleged 2007 tax debt is 14 years old, and that the period of collection of the debt has expired. (ECF No. 8, ¶ 2.) Finally, in his response to the Motion (titled "Motion to Dismiss Defendant's Motion for Summary Judgment on the Pleadings Under Rule 12(c) or, in the alternative, for Summary Judement [sic] Under Rule 56 and It's Memoradum [sic] in Support for Lack of Subject-Matter Jurisdiction"), Plaintiff argues for the first time that his 2007 tax debt was discharged by the

Bankruptcy Court pursuant to 11 U.S.C. § 727 and cannot be collected. (ECF No. 12 at 1-2.) Plaintiff asserts that because the 2007 tax debt was discharged by the Bankruptcy Court, this court lacks subject matter jurisdiction. *Id.*

The United States counters that applying Plaintiff's 2020 state tax refund to his outstanding IRS debt was not an unauthorized collection. (ECF No. 11-1 at 3.) The United States further argues that the timeframe to collect on Plaintiff's 2007 tax debt was tolled and the IRS's interception of Plaintiff's 2020 state tax refund in January 2022 was timely. *Id.* at 6. Finally, the United States argues that Plaintiff's 2007 tax debt was not discharged by the Bankruptcy Court.

### A.     Subject Matter Jurisdiction

Because a lack of subject matter jurisdiction divests the court of its adjudicatory power, the court will first address Plaintiff's argument that the court lacks subject matter jurisdiction because his 2007 tax debt was discharged. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995). The court finds that Plaintiff's argument on this point misunderstands the scope of Plaintiff's 2019 discharge. "A discharge under section 727 . . . does not discharge an individual debtor from any debt — for a tax or customs duty — . . . with respect to which a return, or equivalent report or notice, if required — was not filed or given . . . ." 11 U.S.C. § 523(a)(1)(B)(i). The undisputed facts before the court demonstrate that Plaintiff did not file a return for the 2007 tax year. (2007 Tax Acct. Tr. at 2.) Therefore, although Plaintiff was granted a discharge under 11 U.S.C. § 727 by the Bankruptcy Court, his 2007 tax debt was not discharged based on the plain language of § 523(a)(1)(B)(i). Accordingly, Plaintiff's subject matter jurisdiction argument fails, and the court will proceed to adjudicate the parties' remaining arguments.

### B. <u>Unauthorized Collection</u>

With respect to his unauthorized collection arguments, Plaintiff offers two reasons that the interception of his 2020 state tax refund was unauthorized: first, Plaintiff posits that because the IRS did not offer evidence of a tax lien or collection action against him in the tax court action, the interception was an unauthorized collection; second, Plaintiff argues that the time for the IRS to collect on his 2007 tax debt had expired at the time of the 2022 interception. (ECF No. 1; ECF No. 8.)

With respect to Plaintiff's first argument, the undisputed evidence shows that Plaintiff's 2020 tax refund in the amount of $926.05 was applied to his 2007 tax debt. (2007 Tax Acct. Tr. at 3.) Additionally, in his tax court petition, Plaintiff listed 2020 as the tax period at issue. (ECF No. 1-2 at 3.) During the tax court action, the Commissioner filed a motion to dismiss, asserting that Plaintiff was issued a refund of $606.25 and that no balance was due or owing for the 2020 taxable year. *Id.* at 4. Further, the Commissioner asserted that, based on a review of IRS records relating to Plaintiff's 2020 taxable year, there was no evidence that the IRS issued Plaintiff a notice of deficiency or a notice of determination concerning a collection action. *Id.*

Plaintiff's argument confuses the taxable years at issue. In the tax action, when the Commissioner indicated that there were no liens or balance due, the Commissioner was referring to the 2020 taxable year (as that was the only taxable year at issue), not the 2007 taxable year. Plaintiff had an outstanding balance for the 2007 taxable year; the IRS interception was applied to that debt. Plaintiff's argument that the interception was an unauthorized collection fails on this basis.

With respect to Plaintiff's argument that the collection was unauthorized because the time to collect on the 2007 tax debt had expired, this argument fails because the IRS's collection efforts were stayed multiple times due to Plaintiff's bankruptcy proceedings.

> The running of the period of limitations provided in section 6501 or 6502 [26 USCS § 6501 or 6502] on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—
>
> (1) for assessment, 60 days thereafter, and
>
> (2) for collection, 6 months thereafter.

26 U.S.C. § 6503(h).

The undisputed facts before the court are that collection of Plaintiff's 2007 tax debt was stayed for 743 days and the time to collect on Plaintiff's 2007 tax debt did not expire until January 23, 2023. Therefore, the IRS's interception of Plaintiff's 2020 state tax refund on January 7, 2022, was timely and not an unauthorized collection.

## CONCLUSION

For the reasons set forth herein, by accompanying order, the Motion is granted and judgment shall be entered in favor of Defendant.

/s/
Julie R. Rubin
United States District Judge

September 18, 2023